Cox, J.
The relators file their petition in Quo Warranto against the defendant, setting forth that they are members of the German Protestant Cemetery Association, of Cincinnati, ’ Ohio, a corporation duly organized under the laws of Ohio.
That the society has adopted a constitution and by-law pursuant, to which an election was held' for twelve trustees, four to serve for one year, four for two years and four for three years, on Wednesday the 6th day of March, 1889, at which time the following trustees were elected :
Bor three years: J. F. Lakamp, J. A. Schroeder, J. H. Kattenhorn and J. H. Brockman.
For two years: H. PI. Eversman, John Niebaum, Harry Kassen and H. H. Krome.
For one year: Franz Nolte and John Rahe.
That relators having received the majority of votes cast, were entitled to their certificates of election and to hold the property of said German- Protestant Cemetery Association, and manage its affairs. But that the defendants, who are illegally holding over and acting as present officers and trustees of said association, by the majority of said board have refused to declare them elected, and although demanded, have refused to deliver possession of the books and property of the association to the relators, and have unlawfully usurped the office of directors. Whereupon they pray judgment of ouster against the defendants, and that the relators be declared entitled to the said officers.
*259 Defendants claim, first, that they had at a former election been legally elected as trustees, and are entitled to hold over until their successors were legally elected and qualified.
Second — That the election, by virtue of which relators claim title to the offices, was held at a date and for a term not authorized by the charter of the corporation, and was therefore void. . ,
Third— That even if said election were lawful, relators were not elected, because twenty-six illegal, votes , were cast for the relators.
Fourth — That the names on the independent ticket were not published, as required by the constitution.
As to the third ground, we think the testimony clearly shows that a majority of legal votes was cast for relators, and while a doubt may be cast by the testimony on the legality of a few votes, they are not sufficient to reduce the vote to a minority.
On the second point, we find the contention of defendants true. They were elected at a former election to which no member has excepted, and have been filling the offices down'to the. date of the last election, and they are entitled to hold u.nfil, their successors are legally elected and qualified.
. But the main and most "difficult question arises on, the sec- • ond defense, to-wit: That the election claimed by.relators was for a term and at a date not fixed by the charter of the association.
The act of incorporation was passed by the legislature February 3,1844. (42 Ohio Local Laws, 34), and provided that the directors of said association shall be chqsen tri-annually on the. first Monday in March by thp members,of said incorporation.
By the constitution adopted by the association. in 1889, it was provided that the board of directors shall consist of twelve members, who shall be elected on the first Wednesday of March. During the first year, four for three years, four for two years,. and four for one year, and this election was the first one under that constitution. ,
This is claimed to be illegal, because.the time of election and , term of office is radically different from those .fixed by . the charter. .. . , ,, , .,
The defendants in their answer cíaim that,.“ they, with two. *260 others, were legally elected said trustees at said election by a majority of all the legal votes cast.”
This defense would estop the defendants from claiming the election to be illegal, but we desire to decide the question on all the facts brought out on the trial. The association has not for many years adhered strictly to the requirements of the charter as to the time or term of election of directors or trustees.
In its constitution, adopted in 1869, the time of election was fixed in May, and the term made different from that in the charter.
The constitution of 1881 provided for an election on the first Tuesday of January of every year, the-terms of directors being fixed at one, two and three years, respectively.
The charter was granted under the old constitution, and by subsequent acts under the new constitution considerable modification is made in the powers and duties of corporations.
Sec. 3234 provides that a corporation created before the adoption of the present constitution, which takes any action under or in pursuance of title two, corporations, shall thereafter be deemed to have consented, and shall be held to be a corporation, and to have and exercise all and singular its functions under the present constitution, and the laws passed in pursuance thereof, and not otherwise. In the various changes of the constitution this corporation seems to have acted under this provision.
This act, although-fixing time for election of directors or trustees annually on the first Monday in January, by sec, 3246 limits it to a body which has not made regulations otherwise, and even then makes the general provision not imperative, but permits “ that if for any cause they are not elected at the annual meeting, they may be chosen at a members’ or stockholders’ meeting, at which all the members or stockholders are present in person or by proxies, or ata meeting called by the trustees or directors, or any two members or stockholders, notice of which has been given in writing to each stockholder, or by publication in some newspaper printed in the county wherein the corporation is situated, for ten days ; and trustees and directors shall continue in office until the successors are .elected and qualified.
Bode & Spiegel, for relators.
Kramer & Kramer, for defendants.
We think this election was a legal one. It was called by the defendant and officers, recognized by the association as the proper persons to call it. Was duly advertised and known to the association, and participated in by a large number of them as well as by the defendants, some of whom acted as officers of the eleclion, and we do not think they should now be heard to question it.
As to the fourth point, that the names of the independent candidates were not published as required by paragraph thirteen of the constitution.......
Publication was made of it, so that it was brought to the notice of the members, as fully as was required by that paragraph.
Upon the whole case, we think the defendants should be ousted, and the relators inducted into office as the legally elected officers. ’